# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * * * * * * *
KELLY ARANGO, Parent of         *
ISABELA OROZCO, A Minor,       *

                        *     No. 09-318V

          Petitioner,       *     Special Master Christian J. Moran

                        *

v.                          *     Filed: February 28, 2013

                        *

SECRETARY OF HEALTH        *     Attorneys' fees and costs; reasonable basis;
AND HUMAN SERVICES,         *     award in the amount to which respondent
                        *     has not objected.

          Respondent.      *

                        *
* * * * * * * * * * * * * * * * * * * * * * * * *

## UNPUBLISHED DECISION ON FEES AND COSTS[1]

David E. Marmelstein, Enfield, CT, for Petitioner;
Ryan D. Pyles, U.S. Department of Justice, Washington, D.C., for Respondent.

       Respondent filed a stipulation of fact concerning final attorneys' fees and costs in the above-captioned matter on February 26, 2013. Previously, petitioner Kelly Arango submitted a draft final application for attorneys' fees and costs to respondent for review. Upon review of petitioner's application, respondent does not object to the amount of fees and costs requested for the proceedings in this case. The Court awards the amount to which respondent does not object.

       Ms. Arango, on behalf of her daughter, Isabela, filed for compensation alleging that Isabela was injured by the diphtheria, tetanus, and acellular pertussis, haemophilus influenza type B, inactivated poliovirus, Prevnar (pneumococcal 7-valent conjugate), and rotavirus vaccines she received on March 8, 2008. An entitlement hearing was held on March 25, 2011. Special Master Lord found insufficient evidence of causation and dismissed petitioner's petition on August 23, 2012. Ms. Arango timely filed a motion for review with the Court of Federal

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Claims. The Court affirmed Special Master Lord's decision and denied petitioner's motion for review. Opinion and Order, issued February 4, 2013.

Even though compensation was denied, a petitioner who brings her petition in good faith and who has a reasonable basis for the petition may be awarded attorneys' fees and costs. See 42 U.S.C. § 300aa–15(e)(1). Here, counsel for petitioner gathered and filed medical records, retained an expert to write a report and testify, brought the case to hearing, and sought review of the decision denying compensation. Thus, because petitioner's counsel acted in good faith and there was a reasonable basis for proceeding, petitioner is eligible for an award of attorneys' fees and costs. Respondent does not contend that petitioner failed to satisfy these criteria.

Ms. Arango seeks a total of **$29,946.36** in attorneys' fees and costs for petitioner's counsel. Additionally, Ms. Arango, in compliance with General Order No. 9, states that she incurred no out-of-pocket litigation expenses while pursuing this claim. Respondent has no objection to the amount requested for attorneys' fees and costs.

After reviewing the request, the court awards a check made payable to petitioner and petitioner's attorney in the amount of **$29,946.36** for attorneys' fees and other litigation costs. The court thanks the parties for their cooperative efforts in resolving this matter.

The Clerk shall enter judgment accordingly.[2]

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.